# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| KRYSTAL OWENS, | ) | C.A. NO. 2:25-CV-13948-RMG |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ANSWER** |
| STEVEN LAMONT SMITH AND | ) | |
| ROGER BETTIS TRUCKING, INC. | ) | |
| D/B/A GREEN LINES | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| DEFENDANTS. | ) | (Jury Trial Requested) |
| | ) | |

The Defendants above-named hereby answers the Plaintiff's Complaint as follows:

1. Each and every allegation of the Plaintiff's Complaint not hereinafter expressly admitted, qualified and/or explained is denied.

2. The Defendants admit the residency allegations contained in Paragraphs 1, 2 and 3 of the Plaintiff's Complaint.

3. In response to Paragraph 4 of the Plaintiff's Complaint, the Defendants admit that Roger Bettis Trucking, Inc., d/b/a Green Lines Transportation was a registered interstate motor carrier on December 3, 2025. The remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint are statements and/or conclusions of law, and the Defendants are not required to admit or deny the same. By way of further response, to the extent that Paragraph 4 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendants, those allegations are denied, and strict proof thereof is demanded

4. Paragraphs 5 and 6 of the Plaintiff's Complaint are statements and/or conclusions of law, and the Defendants are not required to admit or deny the same. By way of further

response, to the extent that Paragraphs 5 and 6 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendants, those allegations are denied, and strict proof thereof is demanded.

5. In response to Paragraphs 7, 8 and 9 of Plaintiff's Complaint, the Defendants admit only that the Plaintiff and Mr. Smith were involved in a vehicular accident on December 3, 2025, in Georgetown County, South Carolina, while operating their respective vehicles. By way of further response, to the extent that Paragraphs 7, 8 and 9 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendants, those allegations are denied, and strict proof thereof is demanded.

6. The Defendants deny the allegations contained in Paragraphs 10, 11 and 12 of the Plaintiff's Complaint, and strict proof thereof is demanded.

7. In response to Paragraphs 13 and 14 of Plaintiff's Complaint, the Defendants admit only that the Plaintiff and Mr. Smith were involved in a vehicular accident. By way of further response, to the extent that Paragraphs 13 and 14 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendants, those allegations are denied, and strict proof thereof is demanded.

8. The Defendants deny the allegations contained in Paragraph 15 of the Plaintiff's Complaint, and strict proof thereof is demanded.

9. In response to Paragraph 16 of the Plaintiff's Complaint, the Defendants admit only that Mr. Smith was operating a vehicle within the course and scope of his relationship with Roger Bettis Trucking, Inc., d/b/a Green Lines Transportation. By way of further response, to the extent that Paragraph 16 of the Plaintiff's Complaint attempts to allege or does allege any cause

of action, claim, act, error or omission as to the Defendants, those allegations are denied, and strict proof thereof is demanded.

10. In response to Paragraph 17 of the Plaintiff's Complaint, the Defendants reiterate each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

11. Paragraph 18 of the Plaintiff's Complaint is a statement and/or conclusion of law, and the Defendants are not required to admit or deny the same. By way of further response, to the extent that Paragraph 18 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendants, those allegations are denied, and strict proof thereof is demanded.

12. The Defendants deny the allegations contained in Paragraphs 19 and 20 of the Plaintiff's Complaint, and strict proof thereof is demanded.

13. In response to Paragraph 21 of the Plaintiff's Complaint, the Defendants reiterate each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

14. The Defendants deny the allegations contained in Paragraphs 22 and 23 of the Plaintiff's Complaint, and strict proof thereof is demanded.

15. Paragraph 24 of the Plaintiff's Complaint is a statement and/or conclusion of law, and the Defendants are not required to admit or deny the same. By way of further response, to the extent that Paragraph 24 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendants, those allegations are denied, and strict proof thereof is demanded.

16. The Defendants deny the allegations contained in Paragraphs 25 and 26 of the Plaintiff's Complaint, and strict proof thereof is demanded.

17. In response to Paragraph 27 of the Plaintiff's Complaint, the Defendants reiterate each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

18. The Defendants deny the allegations contained in Paragraphs 28, 29, 30, 31, 32 and 33 of the Plaintiff's Complaint, and strict proof thereof is demanded.

19. In response to Paragraph 34 of the Plaintiff's Complaint, the Defendants reiterate each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

20. In response to Paragraph 35 of the Plaintiff's Complaint, the Defendants admit only that Mr. Smith was operating a vehicle within the course and scope of his relationship with Roger Bettis Trucking, Inc., d/b/a Green Lines Transportation. By way of further response, to the extent that Paragraph 35 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendants, those allegations are denied, and strict proof thereof is demanded.

21. The Defendants deny the allegation contained in Paragraph 36 of the Plaintiff's Complaint, and strict proof thereof is demanded.

22. In response to Paragraph 37 of the Plaintiff's Complaint, the Defendants reiterate each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

23. Paragraph 38 of the Plaintiff's Complaint is a statement and/or conclusion of law, and the Defendants are not required to admit or deny the same. By way of further response, to

the extent that Paragraph 38 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendants, those allegations are denied, and strict proof thereof is demanded.

24. The Defendants deny the allegations contained in Paragraphs 39, 40, 41 and 42 of the Plaintiff's Complaint, and strict proof thereof is demanded.

25. In response to Paragraph 43 of the Plaintiff's Complaint, the Defendants reiterate each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

26. The Defendants deny the allegations contained in Paragraphs 44 and 45 of the Plaintiff's Complaint, and strict proof thereof is demanded.

27. In response to Paragraph 46 of the Plaintiff's Complaint, the Defendants reiterate each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

28. The Defendants deny the allegations contained in Paragraphs 47, 48 and 49 of the Plaintiff's Complaint, and strict proof thereof is demanded.

29. In response to Paragraph 50 of the Plaintiff's Complaint, the Defendants reiterate each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

30. The Defendants deny the allegations contained in Paragraphs 51, 52, 53 and 54 of the Plaintiff's Complaint, and strict proof thereof is demanded.

31. The Defendants also deny the allegations contained in the "Wherefore" Paragraph of the Plaintiff's Complaint, which is the remainder of the Plaintiff's Complaint, and strict proof thereof is demanded.

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE
(Comparative Negligence)

32. The Defendants, on information and belief, would allege and show that any injuries and damages sustained by the Plaintiff as alleged in the Complaint, which are denied, were due to and were caused and occasioned by the Plaintiff's own acts of comparative negligence, which acts on the part of the Plaintiff combined and contributed and concurred with any negligence on the part of the Defendants, which is denied, without which the alleged incident and resulting alleged damages would not have occurred or have been sustained, and the Defendants do plead such comparative negligence as the direct and proximate cause of the injuries and damages sustained by the Plaintiff as alleged in the Complaint. Accordingly, the Defendants are entitled to a determination as to the percentage with which the Plaintiff's own comparative negligence contributed to this incident and the Plaintiff's alleged injuries and damages and to the reduction of any sum awarded to the Plaintiff by an amount equal to the percentage of the Plaintiff's own comparatively negligent conduct.

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE
(Unconstitutionality of Punitive Damages)

33. The Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, and Fourteenth Amendments of the Constitution of the United States in the following particulars:

    a. The Plaintiff's claim for punitive damages violates the Fifth Amendment for the following reasons:

        i) The double-jeopardy clause is violated because multiple awards of punitive damages can be imposed upon the Defendants for the same act or omission, and because an award of punitive damages can be imposed upon the Defendants, even though the Defendants

        were convicted or acquitted of a factually related defense in an underlying criminal proceeding; and

    ii)    The self-incrimination clause is violated because Defendants can be compelled to give testimony against themselves;

b.    The Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed according to the lesser standard of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature and, as such require the "beyond the reasonable doubt" standard of proof;

c.    The Plaintiff's claim for punitive damages violates the Defendants' rights to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Defendants' exercise of those rights;

d.    The Plaintiff's claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons:

    i)    The standard or test for determining the requisite mental state of Defendants for imposition of punitive damages is void for vagueness;

    ii)    Insofar as punitive damages are not measured against actual injury to the Plaintiffs and are left up to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be awarded is indeterminate at the time of Defendants' alleged egregious conduct;

    iii)    In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant;

    iv)    The tests or standards for the imposition of punitive damages differ from state to state, such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages,

   depending upon the state in which the suit is filed, such that the defendant is denied equal protection of law; and

 v) Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive.

**FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE**
(Improper Claim for Punitive Damages)

34. Punitive damages are inappropriate in this case since the Defendants did not engage in any malicious, reckless, wrongful or intentional conduct upon which an award of punitive damages would be based.

**FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE**
(S.C. Code Ann. 15-32-520 and S.C. Code Ann. 15-32-530)

35. The Defendants plead the limitations on damage awards found in S.C. Code Ann. 15-32-530, and additionally reserve the right to request bifurcation in accordance with S.C. Code Ann. 15-32-520 during the course of this litigation.

**FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

36. The Plaintiff's Complaint fails to state any claims upon which relief can be granted as to the Defendants, and the Plaintiff's Complaint should, therefore, be dismissed pursuant to Rule 12(b)(6), *FRCP*.

**FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE**
(Failure to Mitigate)

37. The Defendants would allege and show that the Plaintiff has failed to mitigate her alleged damages.

<u>FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE</u>
(Set-Off)

38. The Defendants claim their right to set-off, settlement or judgment credits, to the extent applicable and allowed pursuant to South Carolina law.

<u>FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE</u>
(Sudden Emergency/Unavoidable Accident)

39. The Defendants would allege and show that the accident was a sudden emergency and/or unavoidable accident, and that, accordingly, the Plaintiff is barred from recovery.

<u>FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE</u>
(Election of Remedies

40. The Plaintiff should be required to elect between her various causes of action.

<u>FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE</u>
(Reliance on Other Defenses)

41. The Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend their Answer to assert any such defenses.

WHEREFORE, having fully answered the Plaintiff's Complaint, the Defendants pray that the same be dismissed, together with the costs and disbursements of this action, and for such other and further relief as this Court deems proper. The Defendants also request a trial by jury.

CLEMENT RIVERS, LLP


By: <u>    s/ *Duke R. Highfield*    </u>
Duke R. Highfield, FedID#5654
Victoria L. Anderson, FedID#11708
25 Calhoun Street, Suite 400
Charleston, SC  29401
(843) 720-5456
dhighfield@ycrlaw.com
tanderson@ycrlaw.com
*Attorneys for the Defendants*

Charleston, South Carolina

Dated:  <u>   February 27, 2026   </u>